UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

ARSLAND MARKISICH,                                      Chapter 7
                                                        Case No. 22-42520-ess
                        Debtor.
-----------------------------------------------------------x

DAVID J. DOYAGA, SR., SOLELY AS
CHAPTER 7 TRUSTEE OF THE
ESTATE OF ARSLAND MARKISICH,

                        Plaintiff,                      Adv. Pro. No. 22-01105-ess

-against-

EDVIN MARKISICH,
MUBILA MARKISICH,
SALLENA MARKISICH,

                        Defendants.
-----------------------------------------------------------x

MEMORANDUM DECISION ON MOTION TO DISMISS OF
DEFENDANT EDVIN MARKISICH

*Appearances:*

Alex E. Tsionis, Esq.                       Charles Higgs, Esq.
Law Offices of Avrum J. Rosen, PLLC         Law Office of Charles A. Higgs
38 New Street                               2 Depot Plaza
Huntington, NY 11743                        Bedford Hills, NY 10507
  *Plaintiff, David J. Doyaga, Sr., Solely as*    *Attorneys for Defendant*
  *Chapter 7 Trustee of the Estate of Arsland*    *Edvin Markisich*
  *Markisich*

November 20, 2023

**HONORABLE ELIZABETH S. STONG**
**UNITED STATES BANKRUPTCY JUDGE**

<u>**Introduction**</u>

This bankruptcy case began approximately one year ago when, on October 11, 2022, the debtor Arsland Markisich filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. David J. Doyaga, Sr. was appointed as Chapter 7 trustee, and one month later, on November 14, 2022, he filed a notice of discovery of assets. And soon after that, on December 27, 2022, the Chapter 7 Trustee commenced this adversary proceeding against three family members of the Debtor – Edvin Markisich, the Debtor's son; Mubila Markisich, the Debtor's wife or former wife, and Sallena Markisich, the Debtor's daughter (together, the "Defendants").

In his amended bankruptcy schedules, the Debtor lists interests in two pieces of real property. The first is his home, a cooperative apartment owned with his wife located at East 13th Street in Brooklyn. And the second is a single-family home located at 75 Dusk Drive in New Rochelle (the "New Rochelle Property"). As the Debtor states in his bankruptcy petition at Schedule A/B, "Debtor owns this property with his wife, his son, and his daughter. They each own a 25% interest." The New Rochelle Property is not the Debtor's home, and he does not claim an exemption in that property in his bankruptcy schedules.

In this action, the Chapter 7 Trustee seeks to recover the value of the estate's interest in the New Rochelle Property. Specifically, he seeks authority to sell the undivided interests of the Defendants in the New Rochelle Property, a determination of the Defendants' respective interests in the sale proceeds, and a direction to divide the proceeds among the parties according to their respective rights. Complaint, ¶ 1.

The record does not indicate that the Debtor, who is represented by counsel, has any opposition to the sale of the New Rochelle Property. And two of the defendants here – Mubila

Markisich and Sallena Markisich – have not responded to the Complaint, and the Chapter 7 Trustee has moved for the entry of a default judgment against them.

But the defendant Edvin Markisich has followed a different path and has moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable here by Bankruptcy Rule 7012(b), on grounds that the Complaint does not state a claim upon which relief may be granted. And Mr. Markisich's Motion to Dismiss this adversary proceeding is now before the Court for decision.

### Jurisdiction

This Court has jurisdiction over this matter pursuant to Judiciary Code Sections 157(b)(1) and 1334(b), and the Standing Order of Reference dated August 28, 1986, as amended by the Order dated December 5, 2012, of the United States District Court for the Eastern District of New York. This is a core proceeding pursuant to Judiciary Code Sections 157(b)(2)(A), (B), (E), (F), (H), and (O), and venue is proper before this Court pursuant to Judiciary Code Section 1409. "Core proceedings include, but are not limited to . . . matters concerning the administration of the estate;" "allowance . . . of claims against the estate," "orders to turn over property of the estate," and "determinations of the validity, extent, or priority of liens;" among other types of claims. 28 U.S.C. § 157(b)(2)(A), (B), (E), (K). As core matters, this Court has constitutional authority to enter a final judgment, because the Chapter 7 Trustee's claims stem "from the bankruptcy itself." *Stern v. Marshall*, 564 U.S. 462, 499 (2011). *See Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 685 (2015).

In addition, the Chapter 7 Trustee has consented to the entry of final orders and judgments, to the extent that such consent is required to meet the requirements of Article III of the United States Constitution. *See* Complaint ¶ 9.

## **Background**

*Arsland Markisich's Chapter 7 Bankruptcy Case*

As described above, this adversary proceeding arises in connection with the Chapter 7 Trustee's administration of the assets of the Debtor Arsland Markisich's bankruptcy estate. The Debtor's bankruptcy petition, and in particular his amended Schedule A/B, identifies his undivided 25% interest in the New Rochelle Property, and that property is valued by the Debtor at $950,000. *See* Amended Schedule A/B, Case No. 22-42520, ECF No. 18. The Debtor does not claim any exemptions in that property, and instead, asserts that he has a homestead exemption in his East 13th Street property, which is also his home. *See* Amended Schedule C, Case No. 22-42520, ECF No. 18. The Debtor also does not identify any mortgage or other liens that encumber the New Rochelle Property. *See* Schedule D, Case No. 22-42520, ECF No. 1.

*This Adversary Proceeding*

On December 27, 2022, the Chapter 7 Trustee commenced this adversary proceeding by filing a complaint against Mr. Markisich, Mubila Markisich, and Sallena Markisich, each of whom is a family member of the Debtor.

In the Complaint, the Chapter 7 Trustee seeks to recover the value of the Debtor's interest in the New Rochelle Property. In particular, the Chapter 7 Trustee seeks "a judgment compelling the sale of all of the ownership interests in the Property so that [he] may recover the Debtor's undivided interest in the Property, which is at least twenty-five percent (25), for the benefit of the Debtor's estate and creditors." Complaint ¶ 41.

The Chapter 7 Trustee seeks this relief pursuant to Bankruptcy Code Section 363(h), which provides in pertinent part:

> Notwithstanding subsection (f) of this section, the trustee may sell both the
> estate's interest, under subsection (b) or (c) of this section, and the interest of any

co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if –

     (1) partition in kind of such property among the estate and such co-owners is impracticable;

     (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

     (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

     (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

Complaint ¶ 35 (quoting 11 U.S.C. § 363(h)).

The Chapter 7 Trustee also alleges that the Debtor states on his amended Schedule A/B that he has a twenty-five percent interest in the New Rochelle Property.  Complaint ¶ 17.  He also alleges that "[a]ccording to the Property's deed . . . the Property is co-owned by Edvin, Sallena, the Debtor and Mubila as joint tenants with rights of survivorship," as reflected in the deed to the property.  Complaint ¶ 18.  And the Chapter 7 Trustee alleges that the New Rochelle Property is not the Debtor's principal residence, and notes that the Debtor "did not claim a homestead exemption, or any exemption against the Property on his amended Schedule C." Complaint ¶¶ 20, 21.  He alleges that the New Rochelle Property is a "3,300 square-foot single-family house" with "a value of between approximately $975,000 to $1,075,000," and that "is not encumbered by a mortgage or any liens."  Complaint ¶¶ 19, 22.

And the Chapter 7 Trustee asserts that "[a]ssuming that the value of the Property is $950,000 and the Debtor's interest in the Property is at least twenty-five percent (25%), the Debtor's equity in the Property would equate to at least $237,500 on the low end.  As such, the

Property maintains substantial equity, which can only be realized from a sale." Complaint ¶ 24.

In addition, the Chapter 7 Trustee describes his efforts to resolve this matter in advance of commencing this adversary proceeding. He states:

> On November 30, 2022, the [Chapter 7 Trustee] individually wrote to each of the Defendants informing them, among other things, that the Debtor's interest in the Property is property of the Debtor's bankruptcy estate, that the Defendants may purchase the estate's right, title and interest in the Property, and that if the Defendants did not contact the [Chapter 7 Trustee] by December 16, 2022, [he] would commence an action under section 363(h) of the Bankruptcy Code to sell the Property along with the interests of the Defendants.

Complaint ¶ 25.

The Chapter 7 Trustee asserts a single Claim for Relief, against all defendants. He addresses each of the elements of Section 363(h), and asserts that he seeks "a judgment compelling the sale of all of the ownership interests in the Property so that the [Chapter 7 Trustee] may recover the Debtor's undivided interest in the Property, which is at least twenty-five percent (25), for the benefit of the Debtor's estate and creditors." Complaint ¶ 41. And he states:

> By reason of the foregoing, the [Chapter 7 Trustee] is entitled to a judgment against the Defendants, jointly and severally, pursuant to section 363(h) of the Bankruptcy Code: (a) authorizing the [Chapter 7 Trustee] to sell all of the interests in the Property; (b) determining the Defendants' respective distributive interest(s) in and to the proceeds from the sale of the Property; and (c) directing the division of the sale proceeds between the parties according to their respective rights.

Complaint ¶ 42.

*This Motion to Dismiss*

Mr. Markisich moves to dismiss this case under Federal Rule of Civil Procedure 12(b)(6), made applicable to adversary proceedings by Bankruptcy Rule 7012(b), on grounds that it does not state a claim upon which relief can be granted.

Mr. Markisich makes several arguments in support of his motion.  First, he asserts that the Trustee has not "set forth grounds for relief sufficient to approve a sale under Section 363(h) of the Bankruptcy Code in general."  Memorandum of Law in Support of Defendant's Motion to Dismiss (the "Def's Mem."), ECF No. 8-8, at 4.  He also asserts that pursuant to Bankruptcy Code Section 726(a), Proofs of Claim 2 and 3, filed by Medallion Bank and OSK IX, LLC and each secured by New York City taxi medallions, are "secured claims [and] not entitled to payment from the bankruptcy estate."  *Id.*  And he points to decisions of the bankruptcy and district court in this district to the effect that "a trustee must prospectively analyze whether an asset will provide a net benefit . . . to unsecured creditors.'"  Def's Mem. at 6 (quoting *In re All Island Truck Leasing Corp.*, 546 B.R. 522, 533 (Bankr. E.D.N.Y. 2016)).

To the same effect, he cites the U.S. Department of Justice Chapter 7 Trustee Handbook, which states, in substance, that a Chapter 7 trustee should not administer or sell property of a debtor's estate "'where the proceeds of the liquidation will primarily benefit the trustee or the professionals, or unduly delay the resolution of the case.'"  Def's Mem. at 6 (quoting Handbook for Chapter 7 Trustees at p. 4-1).  He acknowledges that "this of course turns on whether Claims 2 and 3 are secured claims."  Def's Mem. at 6 n.2.

And Mr. Markisich reasons that, rather than resort to the "extreme relief of selling non-debtors' interest" in the Property, the Chapter 7 Trustee could use non-exempt property in the Debtor's estate to satisfy the sole unsecured claim, that of JP Morgan Chase for less than $15,000.  Def's Mem. at 7.

Mr. Markisich also argues that Proof of Claim 2 of Medallion Bank includes a "Modification Letter Agreement" between Medallion Bank and Plav Cab Corp., and that the Debtor is not a party to that agreement – so that Medallion Bank "lacks a valid claim against the

Debtor personally."  Def's Mem. at 8.

Next, Mr. Markisich argues that the Chapter 7 Trustee is simply not entitled to relief under Bankruptcy Code Section 363(h) because, in substance, "the trustee has recited the elements of Section 363(h) . . . but has not set forth a basis for why partition of the New Rochelle Property is impractical, or why the sale of the estate's interest in the New Rochelle Property would realize significantly less for the estate than a sale of the property free and clear of the interests of the non-debtor, co-owners."  Def's Mem. at 9.  And he points to the fact that "[t]he Debtor is significantly older than [he is] and as a result of the rights of survivorship and the Debtor's life expectancy as compared to [his] life expectancy, the Debtor's interest is significantly less than the 25% interest asserted."  *Id*.

And Mr. Markisich argues that "the detriment to [him] from the [Chapter 13 Trustee's] proposed sale of the New Rochelle Property greatly outweighs the benefit to the estate from a sale of the Property."  *Id*.  He points to the fact that the property "has been [his] primary residence for a number of years" and that:

> A sale of the New Rochelle Property would be extremely detrimental to Movant, not only would Movant lose his home, to which he has significant emotional attachment, but Movant would also lose a valuable economic asset.  Further, a sale of the New Rochelle Property would in effect render Movant homeless, in an extremely difficult housing market, where rental prices are extremely high, inventory is low, interest rates have increased significantly, access to credit is shrinking, and where by most indications we are heading into a recession.

Def's Mem. at 10.  He also states that he has a young child, and observes that the child would be negatively impacted by a sale.  *Id*.  Finally, he observes that the property "is familiar and a place of significant comfort and security to Movant."  *Id*.

By contrast, Mr. Markisich asserts that the benefit to the Debtor's estate and its unsecured creditors "would be minimal."  *Id*.  He notes that the Debtor's unsecured creditors may have

claims of approximately $15,000, and that these could be paid from "liquid non-exempt assets consisting of funds held in non-exempt cash, checking, and savings accounts, that can be quickly liquidated." *Id*.  And he observes that "the proceeds [of a sale] would largely [be] eaten up by the costs and expenses associated with a sale of the New Rochelle Property."  Def's Mem. at 11.

Mr. Markisich advances three additional arguments in support of his request that the Complaint be dismissed.  First, he asserts that the Chapter 7 Trustee would be unjustly enriched by a sale of the New Rochelle Property.  He notes that "[u]njust enrichment exists where '(1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered.'"  Def's Mem. at 11 (quoting *City of Almaty v. Sater*, 503 F. Supp. 3d 51, 59 (S.D.N.Y. 2020)).  And he asserts that unjust enrichment would result from a sale of the New Rochelle Property because, among other reasons, he has paid the property taxes, maintained the property, and "foregone purchasing other property when interests rates were significantly lower based on his reasonable expectation that he would remain an owner of the New Rochelle Property in the long term."  Def's Mem. at 11.

Next, Mr. Markisich asserts that the sale of his interest in the New Rochelle Property under Bankruptcy Code Section 363(h) would amount to "an unconstitutional taking" and violate his "due process rights under the Constitution."  Def's Mem. at 12.  He argues, in substance, that Section 363(h) violates his constitutional rights, because he "is faced with the loss of his interest in the New Rochelle Property as a result of Section 363(h), where [he] had no right, ability, or process to prevent the Debtor from filing for bankruptcy."  *Id*.  And he states that the Chapter 7 Trustee "is a federal actor, seeking to deprive [him] of his interests and property rights."  *Id*.

And finally, Mr. Markisich argues that, if the New Rochelle Property is sold over his objection, the "costs, fees, expenses, commissions . . . arising from the bankruptcy, this

adversary proceeding, or the sale," should come only from the Debtor's interest in the Property, and not from his share.  Def's Mem. at 13.

*The Chapter 7 Trustee's Opposition to the Motion to Dismiss*

The Chapter 7 Trustee opposes Mr. Markisich's Motion to Dismiss.  At the outset, he states that the Chapter 7 Trustee "has met the standard for a complaint under [Federal Rule of Civil Procedure] 8(a)(2)," which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Plaintiff's Memorandum of Law in Opposition to Defendant Edwin Markisich's Motion to Dismiss Plaintiff's Complaint (the "Pltf's Opp."), ECF No. 9, at 1 (quoting Fed. R. Civ. P. 8(a)(2)).  In addition, he states that under Rule 12(b)(6), as interpreted by the Supreme Court and courts both within and outside this District, "a complaint must 'contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'"  Pltf's Opp. at 2 (quoting *Ashcroft v. Iqbal*, 556 U.S 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).  And, he asserts, here that standard is plainly met.

At the outset, the Chapter 7 Trustee states:

Section 363(h) authorizes a trustee to sell both the estate's interest and the interest of a non-debtor co-owner in property in which the debtor had an undivided interest prior to the commencement of the case, if following statutory conditions are met:

(i)     Partition is impracticable;
(ii)    The sale of the estate's interest alone would realize significantly less than the sale of the property free of the co-owner's interest;
(iii)   The benefit to the estate outweighs the detriment to the co-owner;
(iv)    The property is not used in the production, transmission or distribution for sale of electricity or gas for heat, light or power.

Pltf's Opp. at 3.  The Chapter 7 Trustee also acknowledges that he bears the burden of proving each of Section 363(h)'s four elements in order to succeed on his claim.  Pltf's Opp. at 3 (citing

cases).

Turning to these elements, and as a threshold matter, the Chapter 7 Trustee asserts that the Complaint adequately alleges that Section 363(h) applies here "because as of the petition date, the Debtor and the Defendants were co-owners of the Property, each holding 'an undivided interest as a tenant in common, joint tenant, or tenant by the entirety.'"  Pltf's Opp. at 4 (quoting 11 U.S.C. § 363(h)).  In particular, he cites paragraphs 1 to 5, 28, 29, 31, 32, and 41 of the Complaint, as well as the deed to the New Rochelle Property, attached as Exhibit B to the Complaint.  These show, he asserts, that "the Property is co-owned by Edvin, Sallena, the Debtor, and Mubila as joint tenants with rights of survivorship."  Pltf's Opp. at 4 (quoting Compl. ¶ 18).

Next, the Chapter 7 Trustee argues that the Complaint has adequately alleged each of the four statutory requirements for relief under Section 363(h).  As to the first, that partition is impracticable, and the second, that a sale of the estate's interest alone would realize significantly less than the sale of the Property free of the co-owner's interest, he points to the Complaint's allegations that:

> Partition of the Property is impracticable because:  (a) the Property is comprised of a single-family home; (b) the sale of the estate's right, title and interest in the Property alone would realize significantly less than a sale of the estate's right, title and interest together with the co-owners' interest; and (c) a prospective buyer would be reluctant to purchase a mere tenancy interest in the Property.

Compl. ¶ 36.  *See* Pltf's Opp. at 4.  *See also* Pltf's Opp. at 13-14 (arguing that the Complaint specifically addresses why partition of the New Rochelle Property is impractical); Pltf's Opp. at 14 (arguing that "[i]t is fundamental, and self-evident, that a sale of the estate's twenty-five (25%) interest in the Property alone would realize significantly less than a sale of the Property together with the Defendants' interests" (citing cases)).

As to the third, that the benefit to the estate outweighs the detriment to the co-owner – here, Mr. Markisich – the Chapter 7 Trustee cites the Complaint's allegations that a "sale of the estate's undivided interest in the Property would realize significantly less for the estate" than a sale of the Property including the interests of the co-owners.  Compl. ¶ 37.  And he also points to the allegation that Mr. Markisich and the other defendants "would not be unduly prejudiced by the sale since the Defendants would receive the cash equivalent of their respective undivided interests in the Property, as determined by the Court."  Compl. ¶ 38.  And he notes that "none of the Defendants are minors and each will realize significant proceeds from the sale of the Property that would allow them to relocate."  Compl. ¶ 39.  *See* Pltf's Opp. at 4-5.

To the same effect, the Chapter 7 Trustee disagrees that the substantial anticipated economic benefit to the estate is somehow outweighed – as a matter of law – by the fact that the New Rochelle Property has been Mr. Markisich's home for many years, or that he has a young child.  The Chapter 7 Trustee notes that Mr. Markisich does not state "whether his minor child resides with him at the Property and whether minor child attends local schools from the Property."  Pltf's Opp. at 18.  And as acknowledged at the October 23, 2023 oral argument on the Motion to Dismiss, Mr. Markisich "has a young child [who] doesn't live at the home but lives in the area."  October 23, 2023 Hearing Tr., ECF No. 13, at 14:17-18.

The Chapter 7 Trustee also disputes Mr. Markisich's arguments that his burden outweighs the benefit to the estate because "he would 'lose his home, to which he has significant emotional attachment' and 'would also lose a valuable economic asset', and that a sale 'would in effect render [the Defendant] homeless.'"  Pltf's Opp. at 18.  He observes that "[u]pon information and belief, the Defendant is employed as an attorney, and is not elderly or disabled, and has not shown any real detriment based on non-economic factors."  Pltf's Opp. at 18-19.

11

And he notes that Mr. Markisich would benefit from significant protections available to non-debtor co-owners, including "the right to purchase the property at the same price as that of the successful bidder" and "a percentage of the sale proceeds according to his or her interest."  Pltf's Opp. at 19 (citing 11 U.S.C. §§ 363(i), 363(j)).

And finally, the Chapter 7 Trustee responds that the Complaint alleges that the New Rochelle Property "is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power."  Compl. ¶ 40.  *See* Pltf's Opp. at 5.

The Chapter 7 Trustee also responds to Mr. Markisich's argument that in order to assert a plausible Section 363(h) claim, he must allege facts sufficient to establish grounds sufficient to approve a sale under Section 363 "in general."  Pltf's Opp. at 5.  He argues that even if the requirements of Section 363(f) are applicable, these would be met here because, among other reasons, the Complaint alleges that the Property has "a value of between approximately $975,000.00 to $1,075,000.00," and that it is not encumbered by any mortgage or lien or claim of a homestead exemption.  Pltf's Opp. at 6-7.  That is, "in a hypothetical sale under sections 363(b) and (f), since the sale price is greater than any liens encumbering the Property, the Trustee would have satisfied the requirements and elements of section 363(f)(3)."  Pltf's Opp. at 7.  And he also observes that "sound business reasons would exist to justify a sale of the Property because a sale of the estate's interest in the Property, which has value, would maximize the return to creditors of the estate."  *Id*.

The Chapter 7 Trustee also disputes Mr. Markisich's arguments that, in substance, the Complaint does not state a plausible claim for relief because two of the three claims that have been filed – and by far, the largest claims – "are actually 'secured' claims and the Trustee cannot

administer assets to pay only secured creditors." Pltf's Opp. at 8. As a threshold matter, he

states that the Complaint does not make any reference to these claims, so they should not be

considered in the context of a motion to dismiss. And even if the Court does take judicial notice

of Proof of Claim 2, filed by Medallion Bank, and Proof of Claim 3, filed by OSK IX, LLC, he

notes that these claims each state that the claim is unsecured. *See* Pltf's Opp. at 9-10. And as to

Proof of Claim 3, the basis of OSK IV, LLC's claim is identified as a "'Personal Guaranty'

executed by the Debtor" and the same appears to be the case as to Proof of Claim 2, of Medallion

Bank. Pltf's Opp. at 10-11. The Chapter 7 Trustee similarly urges that Mr. Markisich's

argument that Proof of Claim 2 is invalid is both misplaced in the context of a motion to dismiss

and not persuasive. *See* Pltf's Opp. at 11-13.

And the Chapter 7 Trustee responds that Mr. Markisich's argument that, in substance, the

estate's interest in the New Rochelle Property is less because of the Debtor's age and life

expectancy should be rejected, for several reasons. First, he notes that on a motion to dismiss,

the court's task is "to assess the legal feasibility of the complaint," not to decide disputed matters

of fact. Pltf's Opp. at 15. That is, "the issue before the Court is squarely whether the Plaintiff

has failed to state a claim for relief which could not be granted, not whether the Defendant's

interest in the Property is greater than that of the Debtor's or vice versa." *Id*. He also notes that,

based on the source of funds to purchase the property as identified at the Debtor's Section 341

meeting of creditors, "'it is possible that the Debtor's interest in the Property is greater than

twenty-five percent (25%) and the Plaintiff reserves his rights in that regard.'" Pltf's Opp. at 16

(quoting Complaint ¶ 23 n.1).

As to Mr. Markisich's argument that the Complaint should be dismissed on grounds that,

in substance, the estate would be unjustly enriched by a sale of the New Rochelle Property, the

Chapter 7 Trustee responds that this argument is simply "inappropriate" in the context of a motion to dismiss – that is, that it "has nothing to do with the issue of whether the Trustee has met the statutory requirements of section 363(h)." Pltf's Opp. at 21. He also notes that "there has not been any transfer of any property and no claim has yet accrued." *Id*. And in all events, he states, "there could not be a claim for unjust enrichment because the estate may only recover the Debtor's interest in the Property and nothing more." *Id*.

As to Mr. Markisich's argument that the Complaint should be dismissed because a sale of his interest in the New Rochelle Property would amount to an unconstitutional taking of his property, the Chapter 7 Trustee points to *Coan v. Bernier* (*In re Bernier*), 176 B.R. 976 (Bankr. D. Conn. 1995), where the bankruptcy court rejected a substantially similar argument, on several grounds. There, the court found that there was no constitutional infirmity under the Takings Clause because, among other reasons:

> (i) section 363(h) did not deprive the defendant of any vested property right that she had under state law; (ii) even if it did, any such taking would be for a public purpose and for just compensation; and (iii) Supreme Court precedent construing an Internal Revenue Code provision supports that conclusion.

Pltf's Opp. at 22 (citing *In re Bernier*, 176 B.R. at 988).

The Chapter 7 Trustee also notes that Mr. Markisich has appeared, both *pro se* and represented by counsel, in this adversary proceeding, has received extensions of time to respond to the Complaint, and has now made this Motion to Dismiss – that is, in his words, "[t]o say that the Defendant has not been afforded due process is false and disingenuous." Pltf's Opp. at 24.

In addition, the Chapter 7 Trustee disputes Mr. Markisich's assertion that he has somehow been subjected to an unconstitutional taking because he did not file for bankruptcy, nor did he consent to the bankruptcy filing of the Debtor or have an opportunity to "block Debtor's right to file Chapter 7 bankruptcy." Pltf's Opp. at 24-25. This argument, the Chapter 7 Trustee

14

states, "violates the principal purpose of bankruptcy, which is to grant a 'fresh start' to the 'honest but unfortunate debtor.'" Pltf's Opp. at 25 (quoting *Marrama v. Citizens Bank*, 549 U.S. 365, 367 (2007)).

And finally, the Chapter 7 Trustee responds that Mr. Markisich's argument that the costs, fees, expenses, and commissions from a sale of the New Rochelle Property should come solely from the Debtor and estate share of the proceeds is "without any authority whatsoever" and inconsistent with Bankruptcy Code Section 363(j). Pltf's Opp. at 26. He notes that "[i]n other words, section 363(j) permits the trustee to deduct 'the costs and expenses, not including any compensation of the trustee, of such sale' before distributing the proceeds of a sale under section 363(g) or (h)." Pltf's Opp. at 26 (quoting 11 U.S.C. § 363(j)).

*Mr. Markisich's Reply in Support of the Motion to Dismiss*

In reply, Mr. Markisich makes three principal points in further support of his Motion to Dismiss.

First, Mr. Markisich replies that it is entirely appropriate for this Court to take judicial notice of Proofs of Claim 2 and 3, filed by Medallion Bank and OSK IX, LLC and each secured by New York City taxi medallions because, among other reasons, the Chapter 7 Trustee "must demonstrate that the proposed sale would benefit unsecured creditors" and these claims are "integral to the complaint." Defendant's Reply to Plaintiff's Opposition (the "Def's Reply"), ECF No. 12, at 2. He also replies that it does not matter that the Complaint does not refer to these claims, because "a sale by the Chapter 7 Trustee under [Section] 363(h) must be denied where, as here, the proposed sale would primarily benefit secured creditors." Def's Reply at 4. And, he asserts, he has demonstrated that "as secured creditors, [Medallion Bank and OSK IX, LLC] are not entitled to [] payment from the Chapter 7 trustee, and . . . instead those creditors

must look to the collateral for satisfaction." *Id.*

Next, Mr. Markisich replies that Claim 2, of Medallion Bank, lacks the necessary documentation to establish a claim against the Debtor personally, because "the Debtor is not a party to the Modification Letter Agreement and . . . the Modification Letter Agreement ***does not*** contain a signed personal guaranty by the Debtor.  Accordingly, Medallion Bank lacks a valid claim against the Debtor personally."  Def's Reply at 5.

And finally, Mr. Markisich argues that as to the benefit to the estate and the burden to him of a sale, the Chapter 7 Trustee has overstated the benefit to the estate, and underestimated the burden to him.  The benefit is overstated, he asserts, because "the Debtor's interest in the property is significantly less than 25%, and . . . can be ascertained within a set range based on available actuary tables."  Def's Reply at 7.  And the burden that he would bear in the event of a sale, he asserts, is substantial:

> [H]e would suffer both emotionally and economically as a result of being ousted from his long-time home.  Particularly in the current economic environment, where rent is high, inventory is low, and interest rates have skyrocketed. Requiring Defendant, a non-debtor to be displaced from his home in the current economic conditions and to be required to try and find new housing is a significant detriment.  In fact, it is hard to imagine what is more detrimental than a person being ousted from their home, and essentially being rendered homeless. Having stable housing is among the most important foundations to [one's] health and well-being.

Def's Reply at 7-8.  And he notes again that a sale would amount to unjust enrichment of the Chapter 7 Trustee, as well as an unconstitutional taking.  Def's Reply at 8.

### The Applicable Legal Standards

*The Pleading Requirements of Federal Rule of Civil Procedure 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) permits a party to seek dismissal of a claim at the pleading stage if it does not state a claim upon which relief may be granted, and Bankruptcy

Rule 7012 makes this rule applicable in adversary proceedings.  As the Supreme Court has held, for a complaint to survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570. The Court explained that "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555 (citation omitted).

When considering a motion to dismiss under Rule 12(b)(6), the court should "'accept[] all factual allegations as true, and draw[] all reasonable inferences in the plaintiff's favor.'" *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 110-11 (2d Cir. 2010) (alteration in original) (quoting *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009)).  *See Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993) (accepting as true the complaint's factual allegations and drawing inferences in the pleader's favor).  But a court is not required to accept as true those allegations that amount to no more than legal conclusions.  *Iqbal*, 556 U.S at 678; *Twombly*, 550 U.S. at 555.

In deciding a Rule 12(b)(6) motion, a court may look to the facts alleged in the complaint, and also to those "[d]ocuments that are attached to the complaint or incorporated in it by reference."  *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).  *See Gillingham v. Geico Direct*, 2008 WL 189671, at *2 (E.D.N.Y. Jan. 18, 2008) (quoting *Hayden v. Cty. of Nassau,* 180 F.3d 42, 54 (2d Cir. 1999) (stating that when considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court may look to the complaint, its exhibits, and documents incorporated by reference)).

### *The Elements of a Bankruptcy Code Section 363(h) Claim*

Bankruptcy Code Section 363(h) is a special tool in the Bankruptcy Code's toolkit to assist trustees in carrying out their duties when an estate has an undivided interest in property

that may be sold for the benefit of creditors.  It may be invoked where, as here, a Chapter 7

debtor owns an interest in property that cannot easily be sold apart from the interests of others.

 The elements of a claim under Section 363(h) are set forth in the text of the statute.

Section 363(h) provides, in relevant part, that:

> [T]he trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in the property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if —
>
> (1) partition in kind of such property among the estate and such co-owners is impracticable;
>
> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
>
> (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweigh the detriment, if any, to such co-owners; and
>
> (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. § 363(h).

 The starting point for application of Section 363(h) is the role of the Chapter 7 trustee.

As one bankruptcy court has observed, "[a] chapter 7 trustee is a fiduciary of the estate whose

principal duty is to administer estate property so as to maximize distribution to unsecured

creditors, whether priority or general unsecured." *In re All Island Truck Leasing Corp.*, 546 B.R.

522, 532 (Bankr. E.D.N.Y. 2016) (collecting cases).  And under the Bankruptcy Code, the

trustee's duties include, among others, to "collect and reduce to money the property of the

estate."  11 U.S.C. § 704(1).

 And the threshold requirement for a Section 363(h) claim is that, as of the

commencement of the case, the debtor had an undivided interest in property as a tenant in

common, joint tenant, or tenant by the entirety.  In addition, that interest must be property of the estate – so, for example, if the debtor claims an exemption in the property, then "the estate no longer has an interest that it may sell." 3 *Collier on Bankruptcy* ¶ 363.08[3] at 363-70 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

The first element that a plaintiff must allege in order to state a plausible Section 363(h) claim is that partition of the property among the estate and any co-owners is impracticable.  As one respected commentator notes, "[t]he overwhelming majority of reported cases discussing section 363(h) involve single-family residences shared by the debtor and the debtor's spouse," and in these circumstances, "courts uniformly hold that there is no practicable way to partition the property." 3 *Collier on Bankruptcy* ¶ 363.08[4][a] at 363-73 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (citing cases).

The second element that a plaintiff must allege in order to state a plausible Section 363(h) claim is that "the sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners." 11 U.S.C. § 363(h)(2).  Put another way, a trustee may not sell the debtor's and the non-debtor co-owner's interest unless the estate would plainly "realize more from such a sale than it would from selling the debtor's interest alone." 3 *Collier on Bankruptcy* ¶ 363.08[4][b] at 363-74 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (citing cases).  And it is not surprising that "[i]n single-family residence cases, this condition is easily satisfied.  Courts recognize that the co-owner's continued residence at the property will chill any interest in purchasing the debtor's interest alone." *Id*.

The third element that a plaintiff must allege in order to state a plausible Section 363(h) claim calls for a balancing test – that is, the plaintiff must plausibly allege that the benefit to the

estate from the sale of the entire property must exceed the detriment to the co-owners of the sale. Here again, this issue is often litigated in the context of single-family residences, where "if the trustee prevails on its section 363 complaint, the nondebtor spouse (or other co-owner) will have to vacate that person's home."  3 *Collier on Bankruptcy* ¶ 363.08[4][c] at 363-76 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

And while purely economic factors are one piece of the picture, the Second Circuit has recognized that other matters may be considered.  In particular, the Second Court found:

> In weighing the detriment to the non-debtor spouses a number of variables must be considered when valuing their survivorship interests as well as their present possessory interests:  for example, actuarial calculations of the life expectancies of the spouses, respective contributions to the purchase price of the home, tax exemptions available on the property, prospects for acquiring a new home, special physical or mental handicaps, and minor children living at home.

*Community Nat'l Bank and Trust Co. v. Persky* (*In re Persky*), 893 F.2d 15, 21 (2d Cir. 1989). And the court looked to the Supreme Court's observation in a case arising from a tax lien foreclosure affecting the taxpayer's spouse that "'we are not blind to the fact that in practical terms financial compensation may not always be a completely adequate substitute for a roof over one's head.'"  *In re Persky*, 893 F.2d at 21 (quoting *United States v. Rodgers,* 461 U.S. 677, 703-04 (1983)).  *See Wilk Auslander LLP v. Murray* (*In re Murray*), 900 F.3d 53, 62 (2d Cir. 2018) (noting that both economic and non-economic considerations should be considered in assessing the detriment to a non-debtor under Section 363(h)(3)).

And finally, the fourth element that a plaintiff must allege in order to state a plausible Section 363(h) claim is that the property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power. This narrowly tailored provision "is intended to protect public utilities from being deprived of power sources as a result of the bankruptcy of a co-owner."  3 *Collier on Bankruptcy* ¶

363.08[4][d] at 363-78 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

## Discussion

By this Motion, the Defendant Mr. Markisich asks this Court to enter judgment dismissing the Bankruptcy Code Section 363(h) claims asserted by the Chapter 7 Trustee in the Complaint, on grounds that the Complaint does not state a claim upon which relief may be granted.  He seeks this relief pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable here by Bankruptcy Rule 7012.

This Motion to Dismiss calls for the Court to consider first, whether the threshold requirement for a Section 363(h) claim, that as of the commencement of the case, the Debtor had an undivided interest in property as a tenant in common, joint tenant, or tenant by the entirety, and if so, whether that property is property of the Chapter 7 estate.  Next, the Court must consider whether the Complaint states each element of a plausible Section 363(h) claim – that is, first, that partition of the property among the estate and any co-owners is impracticable; second, that the sale of the estate's undivided interest alone would yield significantly less for the estate than sale of that share together with the interests of the co-owners; third, that the benefit to the estate from the sale of the entire property exceeds the detriment to the non-debtor co-owner from a sale; and finally, that the property at issue is not used in the production, transmission, or distribution of certain forms of energy.

And separately, this Motion to Dismiss calls for the Court to consider certain additional arguments advanced by Mr. Markisich, including whether the Chapter 7 Trustee's claim would lead to unjust enrichment, or violate the Takings Clause of the United States Constitution.

Finally, it is worth noting that at this stage in these proceedings, it is *not* the task of the Chapter 7 Trustee to *prove* any of these matters.  A motion to dismiss under Rule 12(b)(6) tests

the adequacy of the complaint and its well-pleaded factual allegations, not the sufficiency of the proof.  The Court accepts the factual allegations as true, and draws all reasonable inferences in the plaintiff's favor.  To be sure, as the Supreme Court has held, to survive Rule 12(b)(6) scrutiny, plausibility is required – that is, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  And mere speculation is insufficient.  *See Twombly*, 550 U.S. at 555 (stating that "[f]actual allegations must be enough to raise a right to relief above the speculative level").  But questions of proof, and questions of where a balance should be struck, are best left for another day.

The Court considers each of these arguments in turn.

### *Whether the Complaint Plausibly Alleges the Threshold Requirements of a Section 363(h) Claim*

The first question that the Court addresses is whether the Complaint plausibly states the threshold requirements of a Section 363(h) claim.  These are whether, as of the commencement of the case, the Debtor had an undivided interest in property as a tenant in common, joint tenant, or tenant by the entirety, and if so, whether that property is property of the Chapter 7 estate.

In the Motion to Dismiss, Mr. Markisich argues, in substance, that the Debtor's interest in the New Rochelle Property is far less than the twenty-five percent that is asserted, and separately, that other assets in the Chapter 7 estate would be sufficient to address the small amount of unsecured claims that has been filed.

In response, the Chapter 7 Trustee argues that the Complaint adequately alleges that "as of the petition date, the Debtor and the Defendants were co-owners of the Property, each holding 'an undivided interest as a tenant in common, joint tenant, or tenant by the entirety.'"  Pltf's Opp. at 4 (quoting 11 U.S.C. § 363(h)).  And he cites paragraphs 1 to 5, 28, 29, 31, 32, and 41 of the Complaint, as well as the deed to the New Rochelle Property, attached as Exhibit B to the

Complaint, to show that the Complaint states these facts.  Pltf's Opp. at 4.

Here, the record shows that the Chapter 7 Trustee has adequately alleged the threshold requirements of a plausible Section 363(h) claim to proceed with the sale of the New Rochelle Property.  That is, he has alleged that as of the date this bankruptcy case was commenced, "the Debtor had a twenty-five percent (25%) undivided interest in the [New Rochelle] Property together with the Defendants as joint owners with rights of survivorship."  Complaint ¶ 2.  And he has also supported that allegation with exhibits to the Complaint including the Debtor's Schedule A/B, and the Deed and associated documents for the property.  *See* Complaint Exh. B. Additionally, he has alleged that there are no liens on the New Rochelle Property, and that the Debtor has not claimed a homestead or other exemption against the property, so that it became property of the estate.  *See* Complaint ¶¶ 20, 21.

For these reasons, and based on the entire record, the Court concludes that the Chapter 7 Trustee has adequately alleged the threshold requirements of a Section 363(h) claim, that when this bankruptcy case began, the Debtor had an undivided interest in the New Rochelle Property as a tenant in common, joint tenant, or tenant by the entirety, and that upon the filing of this bankruptcy case, his interest became property of the Chapter 7 estate.

*Whether the Complaint Plausibly Alleges that Partition of the New Rochelle Property Is Impracticable*

The second question that the Court addresses is whether the Complaint plausibly states the first element of a Section 363(h) claim, that partition of the New Rochelle Property is impracticable.

Mr. Markisich argues, in substance, that the Chapter 7 Trustee has recited the bare elements of a Section 363(h) claim, but has not set forth a factual basis for those elements, including "a basis for why partition of the New Rochelle Property is impractical."  Def's Mem.

at 9.

The Chapter 7 Trustee responds that the Complaint adequately addresses this element.  In particular, he points to the allegations that "the Property is comprised of a single-family home" and "a prospective buyer would be reluctant to purchase a mere tenancy interest in the Property." Compl. ¶ 36.  *See* Pltf's Opp. at 14.  The Chapter 7 Trustee also argues that "[i]t is fundamental, and self-evident, that a sale of the estate's twenty-five (25%) interest in the Property alone would realize significantly less than a sale of the Property together with the Defendants' interests." Pltf's Opp. at 14 (citing cases).

Here, the record shows that the Chapter 7 Trustee has adequately alleged the first element of a plausible Section 363(h) claim to proceed with the sale of the New Rochelle Property, that partition of the property is impracticable.  In particular, he has alleged that the New Rochelle Property is a single-family home, and he has argued persuasively that the sale of an undivided interest in that kind of property is simply not a practical means to realize value for a debtor's Chapter 7 estate and its creditors.

This is consistent with conclusions reached in many other similar situations, where an interest in a single-family residence – often the home of one or more non-debtor family members – is property of a Chapter 7 estate.  As the Collier treatise observes,"[t]he overwhelming majority of reported cases discussing section 363(h) involve single-family residences shared by the debtor and the debtor's spouse," and in these circumstances, "courts uniformly hold that there is no practicable way to partition the property."  3 *Collier on Bankruptcy* ¶ 363.08[4][a] at 363-73 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (citing cases).

And in many such circumstances, a practical solution can be found if, for example, family members or others resolve the matter by purchasing the debtor's interest from the Chapter

7 estate.  Such settlements can amount to a good result for the debtor, the non-debtor family members, and the creditors of the Chapter 7 estate, and courts should not hesitate to encourage them.  But the prospect of such a resolution is a different matter than whether this element of the Chapter 7 Trustee's Section 363(h) claim has been adequately and plausibly alleged.

For these reasons, and based on the entire record, the Court concludes that the Chapter 7 Trustee has adequately alleged the first element of a Section 363(h) claim, that partition of the New Rochelle Property is impracticable.

*Whether the Complaint Plausibly Alleges that Sale of the Estate's Undivided Interest in the New Rochelle Property Would Realize Significantly Less for the Estate than Sale of the Property Free of the Co-Owners' Interests*

The third question that the Court addresses is whether the Complaint plausibly states the second element of a Section 363(h) claim, that "sale of the estate's undivided interest in [the New Rochelle Property] would realize significantly less for the estate than sale of such property free of the interests of such co-owners."  11 U.S.C. § 363(h)(2).

Here again, Mr. Markisich argues, in substance, that the Chapter 7 Trustee has recited the bare elements of a Section 363(h) claim, but has not set forth a factual basis for those elements, including "a basis for why the sale of the estate's interest in the New Rochelle Property would realize significantly less for the estate than a sale of the property free and clear of the interests of the non-debtor co-owner."  Def's Mem. at 9.  And he notes that "the Debtor is significantly older . . . and as a result of the rights of survivorship and the Debtor's life expectancy . . . the Debtor's interest is significantly less than the 25% asserted."  Def's Mem. at 9.

The Chapter 7 Trustee responds that the Complaint adequately alleges that a sale that is limited to only the estate's interest in the New Rochelle Property, as opposed to a sale of the property free and clear of the interests of Mr. Markisich and the other co-owners, would lead to a

significantly smaller recovery for the estate, for many of the same reasons that he argues that partition of the property would be impracticable.  Here again, he points to the allegations that "the Property is comprised of a single-family home," "the sale of the estate's right, title and interest in the Property alone would realize significantly less than a sale of the estate's right, title and interest together with the co-owners' interest" and "a prospective buyer would be reluctant to purchase a mere tenancy interest in the Property."  Compl. ¶ 36.  *See* Pltf's Opp. at 14.  And here as well, the Chapter 7 Trustee also argues that "[i]t is fundamental, and self-evident, that a sale of the estate's twenty-five (25%) interest in the Property alone would realize significantly less than a sale of the Property together with the Defendants' interests."  Pltf's Opp. at 14 (citing cases).

Here, the record shows that the Chapter 7 Trustee has adequately alleged the second element of a plausible Section 363(h) claim to proceed with the sale of the New Rochelle Property, that a sale that is limited to the estate's interest in the property, as opposed to a sale that includes the entire property, would yield significantly less for the estate.  As with the first element, he has alleged that the New Rochelle Property is a single-family home, and the Complaint plausibly alleges that the sale of the Debtor's interest in a home is not likely to realize a reasonable value for the Chapter 7 estate and its creditors.

And here as well, courts facing similar situations have reached similar conclusions. Where the asset is a single-family home, "[c]ourts recognize that the co-owner's continued residence at the property will chill any interest in purchasing the debtor's interest alone."  3 *Collier on Bankruptcy* ¶ 363.08[4][b] at 363-74 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (citing cases).

And common sense supports this conclusion as well.  The market for a fractional undivided interest in a single-family home that is occupied by a co-owner is unlikely to be

robust, and could not reasonably be expected to generate good value for the estate – with perhaps one exception.  And that exception, again, is that if the non-debtor co-owners, and particularly any co-owners that reside at the property, including family members, are able to reach a settlement in which they acquire the debtor's interest from the Chapter 7 estate, then the costs and uncertainties of litigating a Section 363(h) claim, the costs of sale, and the noneconomic disruption to those non-debtor co-owners, may all be minimized, resulting in the prospect of a benefit for the Chapter 7 estate, the creditors, and those co-owners.  As the Chapter 7 Trustee stated at oral argument on this Motion, trustees "don't want to sell houses that are only part owned by the debtor, if they don't have to.  They're looking for another path."  October 23, 2023 Hearing Tr., 31:12-14.  But here again, the prospect of this pathway does not add to or subtract from the Chapter 7 Trustee's allegations, or affect the question of whether this element of the Chapter 7 Trustee's Section 363(h) claim has been adequately and plausibly alleged.

For these reasons, and based on the entire record, the Court concludes that the Chapter 7 Trustee has adequately alleged the second element of a Section 363(h) claim, that a sale of the Chapter 7 estate's undivided interest in the New Rochelle Property would realize significant less for the estate than the sale of that property free of the interests of Mr. Markisich and the other Defendants.

*Whether the Complaint Plausibly Alleges that the Benefit to the Estate of a Sale of the New Rochelle Property Outweighs the Detriment to Mr. Markisich*

The fourth question that the Court addresses is whether the Complaint plausibly states the third element of a Section 363(h) claim, that the benefit to the Chapter 7 estate of a sale of the New Rochelle Property outweighs the detriment to Mr. Markisich of such a sale.

It is worth noting that Section 363(h)(3) calls for the Court to undertake a balancing test, and that the balance to be struck may well involve proof of both economic and non-economic

factors – and both are important.  It is also worth noting that courts that are tasked with striking this balance do so knowing that a decision permitting a sale to proceed will, in all likelihood, cause a non-debtor to have to move out of their home, as a consequence of a bankruptcy case that they did not file and debt that they did not incur.

Mr. Markisich argues, in substance, that the burden to him of a sale of the New Rochelle Property would be large.  The property has been his primary residence for "a number of years." Def's Mem. at 10.  If it is sold, he would not only lose his home, "to which he has significant emotional attachment," but also "lose a valuable economic asset."  *Id*.  He also expresses concern that a sale of the New Rochelle Property would leave him at risk of homelessness, "in an extremely difficult housing market, where rental prices are extremely high, inventory is low, interest rates have increased significantly, access to credit is shrinking," and a recession looms on the horizon.  *Id*.  And he notes that he has a young child, and suggests that the child would also be negatively impacted by a sale.  *Id*.

The Chapter 7 Trustee responds, in substance, that the burdens identified by Mr. Markisich do not outweigh the benefits to the estate, for several reasons.  He notes that the Complaint states that in the event of a sale, Mr. Markisich and the other defendants "would not be unduly prejudiced by the sale since [they] would receive the cash equivalent of their . . . interests."  Compl. ¶ 38.  And it appears from the record that this payment is likely to be substantial, in the range of $200,000, or more.  The Chapter 7 Trustee also points out that Mr. Markisich works as an attorney, is not elderly or disabled, and does not indicate whether his child resides at the New Rochelle Property or attends the local schools.  Pltf's Opp. at 18-19. And he notes that Mr. Markisich has the benefit of several Bankruptcy Code provisions that protect non-debtor co-owners affected by Section 363(h) sales, including "the right to purchase

the property at the same price as that of the successful bidder" and "a percentage of the sale proceeds according to his or her interest."  Pltf's Opp. at 19 (citing 11 U.S.C. §§ 363(i), 363(j)).

Here, the record shows that the Chapter 7 Trustee has adequately alleged the third element of a plausible Section 363(h) claim to proceed with the sale of the New Rochelle Property, that the benefit to the Chapter 7 estate of a sale of the property free of the interests of Mr. Markisich and the other defendants outweighs the detriment to him, for several reasons.

First, the Chapter 7 Trustee has adequately and plausibly alleged that the benefit to the estate is likely to be substantial.  The Complaint states – and the parties do not dispute – that the New Rochelle Property has significant value, and is unencumbered by liens or an exemption claim by the Debtor.  In particular, he alleges that the property is a "3,300 square-foot single-family house" with "a value of between approximately $975,000 to $1,075,000," and that "is not encumbered by a mortgage or any liens."  Complaint ¶¶ 19, 22.  The Complaint also states that "[a]ssuming that the value of the Property is $950,000 and the Debtor's interest in the Property is at least twenty-five percent (25%), the Debtor's equity in the Property would equate to at least $237,500 on the low end.  As such, the Property maintains substantial equity, which can only be realized from a sale."  Complaint ¶ 24.

Next, the Chapter 7 Trustee has also adequately and plausibly alleged and argued that there is substantial unsecured debt to be addressed.  In particular, it appears from the Complaint and from Proof of Claim 2, filed by Medallion Bank, and Proof of Claim 3, filed by OSK IX, LLC, that the creditors have identified those claims as unsecured, and arising from a personal guaranty of the Debtor.  *See* Pltf's Opp. at 9-11.  And to the extent that Mr. Markisich contests the validity of Proof of Claim 3, that is a question for another day.

But that is only one side of the balance to be struck under Section 363(h)(3).  Here, the

record also shows that Mr. Markisich has identified several important, substantial, and even incontestable reasons why the burden that would be imposed on him by a sale of the New Rochelle Property would be large indeed.  He observes that the New Rochelle Property is his home, and he has lived there for many years.  He also states that he has a significant emotional attachment to the property, and that it "is familiar and a place of significant and security."  Def's Mem. at 10.  And he notes that if the New Rochelle Property is sold, in the current real estate and economic climate, he would effectively be rendered homeless at a time when "rental prices are extremely high, inventory is low, interest rates have increased significantly, access to credit is shrinking, and . . . by most indications we are heading into a recession."  *Id.*

At the outset, the Court notes that on a motion to dismiss, the question to be addressed is not whether the plaintiff has established the matters that are alleged and shown an entitlement to relief.  Instead, the question to be addressed by the Court is whether the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  And speculation is no substitute for facts.  *See Twombly*, 550 U.S. at 555.

The Court also notes that in a Chapter 7 case, the trustee has a job to do – that is, to marshal the assets of the estate, efficiently and effectively, with the objective of maximizing the distribution to creditors.  As the Bankruptcy Code states, the trustee "shall . . . collect and reduce to money the property of the estate."  11 U.S.C. § 704(1).  And as a fiduciary of the Chapter 7 estate, the trustee's "principal duty is to administer estate property so as to maximize distribution to unsecured creditors, whether priority or general unsecured."  *In re All Island Truck Leasing Corp.*, 546 B.R. at 532.  In fulfilling that duty, the Chapter 7 trustee may be required to use Section 363(h) to sell an estate's undivided interest in property for the benefit of its creditors, including a family's home.

In striking the balance between the benefit to the Chapter 7 estate and the detriment to Mr. Markisich, the Court is mindful of the Second Circuit's guidance in *In re Persky*. There, the court found that both economic and noneconomic factors should be considered. And the court identified variables relevant to valuing both survivorship and possessory interests, including "actuarial calculations of the life expectancies of the spouses, respective contributions to the purchase price of the home, tax exemptions available on the property, prospects for acquiring a new home, special physical or mental handicaps, and minor children living at home." *In re Persky*, 893 F.2d at 21. In addition, the court did not rule out the consideration of other matters, including personal dislocation and hardship. Indeed, the Second Circuit cited the Supreme Court's observation in a different context to the effect that "'[i]n practical terms financial compensation may not always be a completely adequate substitute for a roof over one's head.'" *In re Persky*, 893 F.2d at 21 (quoting *Rodgers,* 461 U.S. at 704).

And here, the record shows that that the Complaint's allegations as to the benefit to the Chapter 7 estate and the detriment to Mr. Markisich meet the threshold necessary to overcome a motion to dismiss. That is, the Complaint alleges facts that, if proved, together with the reasonable inferences that they support, plausibly establish that the benefit to the Debtor's estate of a sale of the New Rochelle Property outweighs the detriment to Mr. Markisich. As set forth in the Complaint and the Trustee's response to this Motion to Dismiss, if this matter is not resolved consensually and a sale occurs, Mr. Markisich will receive the monetary equivalent of his undivided interest in the property – and that distribution will be substantial. And while the Court recognizes that the burdens identified by Mr. Markisich are substantial and authentic, they do not detract from the adequacy of the Chapter 7 Trustee's allegations.

For these reasons, and based on the entire record, the Court concludes that the Chapter 7 Trustee has adequately alleged the third element of a Section 363(h) claim, that the benefit to the estate of a sale of the New Rochelle Property outweighs the detriment to Mr. Markisich.

*Whether the Complaint Plausibly Alleges that the New Rochelle Property Is Not Used in the Production, Transmission, or Distribution of Electric Energy or Natural or Synthetic Gas for Heat, Light, or Power*

The fifth question that the Court addresses is whether the Complaint plausibly states the final element of a Section 363(h) claim, that the New Rochelle Property is not used in the production, transmission, or distribution of electric energy or natural or synthetic gas for heat, light, or power.

This provision addresses the very particular situation where, for example, a public utility may face the loss of access to power sources as a result of a bankruptcy filing by a co-owner. *See* 3 *Collier on Bankruptcy* ¶ 363.08[4][d] at 363-78 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). And in the appropriate case, this consideration may be weighty indeed.

Here, the record shows that the Complaint states that the New Rochelle Property "is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power." Compl. ¶ 40. And at this stage in these proceedings, this is sufficient.

For these reasons, and based on the entire record, the Court concludes that the Chapter 7 Trustee has adequately alleged the fourth element of a Section 363(h) claim, that the New Rochelle Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

*Whether Mr. Markisich Has Shown that the Complaint Should Be Dismissed Because the Relief Sought Amounts to Unjust Enrichment*

Mr. Markisich advances the additional argument that the Complaint should be dismissed

32

because the Chapter 7 Trustee would be unjustly enriched by a sale of the New Rochelle

Property.  He notes that "[u]njust enrichment exists where '(1) the other party was enriched, (2)

at that party's expense, and (3) that it is against equity and good conscience to permit the other

party to retain what is sought to be recovered.'"  Def's Mem. at 11 (quoting *City of Almaty*, 503

F. Supp. 3d at 59).  He also points to the fact that he has paid the property taxes, maintained the

property, and "foregone purchasing other property when interests rates were significantly lower

based on his reasonable expectation that he would remain an owner of the New Rochelle

Property in the long term."  Def's Mem. at 11.

      The Chapter 7 Trustee responds that Mr. Markisich's unjust enrichment argument is

"inappropriate" in the context of this Motion to Dismiss and "has nothing to do with the issue of

whether the Trustee" has stated a plausible Section 363(h) claim.  Pltf's Opp. at 21.  He also

responds that no transfer of any property has occurred, and "no claim has yet accrued."  *Id*.

      Here, the record shows that Mr. Markisich's claim assertion of unjust enrichment does

not provide a basis to dismiss the Complaint, for several reasons.  At the outset, Mr. Markisich's

unjust enrichment argument does not show, or even suggest, that the Chapter 7 Trustee has

somehow been "enriched . . . at [his] expense," because, among other reasons, no sale or transfer

has occurred, and in all events, he may only recover property of the estate.  *Id*.  In addition, Mr.

Markisich's unjust enrichment argument does not show, or even suggest, that it is somehow

"against equity and good conscience to permit [the Chapter 7 Trustee] to retain what is sought to

be recovered."  Def's Mem. at 11.  Instead, the record shows that the Chapter 7 Trustee seeks to

realize the benefits of property of the Debtor's estate for his creditors by pursuing a sale of the

New Rochelle Property.

      For these reasons, and based on the entire record, the Court concludes that Mr. Markisich

has not shown that a sale of the New Rochelle Property would result in the Chapter 7 Trustee being unjustly enriched to his detriment.

*Whether Mr. Markisich Has Shown that the Complaint Should Be Dismissed Because the Relief Sought Amounts to an Unconstitutional Taking*

Finally, Mr. Markisich argues that any sale of his interest in the New Rochelle Property would amount to an unconstitutional taking of his property and would violate his "due process rights under the Constitution."  Def's Mem. at 12.  He asserts, in substance, that when the Debtor filed this Chapter 7 bankruptcy case, that filing triggered a series of events that will cause him to lose his home without any opportunity for notice or an opportunity to be heard.  And he views the Chapter 7 Trustee as "a federal actor, seeking to deprive [him] of his interests and property rights."  *Id*.

The Chapter 7 Trustee responds that there is no constitutional violation here, for several reasons.  He argues that these same arguments have been rejected by other courts, including in *In re Bernier*.  And he points to the extensive procedural record here, which has allowed Mr. Markisich ample notice and opportunity to be heard.  He also notes that any claimed right to object to the Debtor's right to file a bankruptcy case would contravene "the principal purpose of bankruptcy, which is to grant a 'fresh start' to the 'honest but unfortunate debtor.'"  Pltf's Opp. at 25 (quoting *Marrama*, 549 U.S. at 367).

It is not hard to imagine how in these circumstances, and from his perspective, Mr. Markisich advances the argument that he has not had an opportunity to be heard with respect to the sale of his home.  But as the bankruptcy court found in addressing a similar constitutional challenge to Section 363(h) under the Constitution's Takings Clause, *In re Bernier*, "[t]he Supreme Court has characterized the Bankruptcy Clause as expansive."  *In re Bernier*, 176 B.R. at 984.  As the court further observed, "[d]istribution of estate assets to creditors is a core

function of bankruptcy." *In re Bernier*, 176 B.R. at 985.  Following an extensive analysis of

Supreme Court authority reaching back nearly one hundred and fifty years, the court observed:

> Those decisions unequivocally state that the bankruptcy power authorizes laws
> relating to the distribution of the debtor's property.  Section 363(h) is, just as
> unequivocally, such a law.  Indeed, its primary purpose is to facilitate the
> bankruptcy goal of effective distribution of the property of the bankruptcy estate
> by the trustee.

*Id*.  The court concluded:

> [Section] 363(h) does not violate the Takings Clause as applied [here] . . . because
> (i) that statute does not deprive the defendant of any vested property right she has
> under [state] law;. (ii) even if it did, any such taking would be for a public
> purpose and, . . . for just compensation; and (iii) Supreme Court precedent
> construing an Internal Revenue Code provision supports that conclusion.

*In re Bernier*, 176 B.R. at 988.  *See In re Bernier*, 176 B.R. at 992 n.18 (stating that the

bankruptcy court's decision in *In re Persky* is "the only reported decision to find § 363(h)

unconstitutional").  *Cf. Community Nat'l Bank and Trust Co. v. Persky* (*In re Persky),* 134 B.R.

81, 101 (Bankr. E.D.N.Y. 1991) (stating that "the court believes that the sale of the non-debtor

spouse's rights in the entireties property under section 363(h) . . . violates the Takings Clause").

And so here.  To be sure, Mr. Markisich did not seek out the situation in which he now

finds himself.  Nor did he have an opportunity to object to the Debtor's bankruptcy filing.  But

that is different from an absence of due process, or notice and an opportunity to be heard, or just

compensation for his interest in the New Rochelle Property.  Here, the record shows that each

and all of those will occur here.  Indeed, this adversary proceeding and Motion to Dismiss are

part of that due process, notice, and hearing.

For these reasons, and based on the entire record, the Court concludes that Mr. Markisich

has not shown that a sale of the New Rochelle Property would amount to an unconstitutional

taking of his property.

\*            \*            \*

In sum, based on the entire record, and for the reasons stated herein, the Court concludes that in this adversary proceeding, the Chapter 7 Trustee has adequately alleged each of the elements of a plausible claim for relief under Bankruptcy Code Section 363(h).

He has adequately alleged first, that the threshold requirement for a Section 363(h) claim, that as of the commencement of the case, the Debtor had an undivided interest in property as a tenant in common, joint tenant, or tenant by the entirety, and if so, whether that property is property of the Chapter 7 estate, is met.  And he has adequately alleged each of the statutory elements of a plausible Section 363(h) claim as well.  These are first, that partition of the property among the estate and any co-owners is impracticable; second, that the sale of the estate's undivided interest alone would yield significantly less for the estate than sale of that share together with the interests of the co-owners; third, that the benefit to the estate from the sale of the entire property exceeds the detriment to the non-debtor co-owner from a sale; and finally, that the property at issue is not used in the production, transmission, or distribution of certain forms of energy.

And separately, Mr. Markisich has not shown that the Complaint should be dismissed on grounds that the relief sought amounts to unjust enrichment of the Chapter 7 Trustee or the estate, or that it would be an unconstitutional taking.

### <u>Conclusion</u>

For the reasons stated herein, and based on the entire record, the Motion to Dismiss of Defendant Edvin Markisich under Federal Rule of Civil Procedure 12(b)(6), on grounds that the Chapter 7 Trustee does not state a claim upon which relief may be granted, is denied.

An order in accordance with this Memorandum Decision shall be entered simultaneously herewith.



Dated: Brooklyn, New York
November 20, 2023

_____
**Elizabeth S. Stong**
**United States Bankruptcy Judge**